UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SCOTT WILLIAM PETERSON, | ) | |
| Plaintiff, | ) ) | |
| | ) | 3:11-cv-00768-RCJ-VPC |
| vs. | ) ) | |
| AMERICAN HOME MORTGAGE et al., | ) ) | ORDER |
| Defendants. | ) ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants Quality Loan Service Corp. ("QLS") and Robyn Tassell (collectively "Defendants"), have moved to dismiss and for sanctions against Plaintiff's counsel, Attorney Rick Lawton. For the reasons given herein, the Court grants the motion to dismiss but denies sanctions.

I.   THE PROPERTY

Plaintiff Scott William Peterson gave lender American Home Mortgage ("AMC") a $378,443 promissory note secured by a deed of trust ("DOT") against real property located at 660 Sienna Park Ct., Reno, NV 89512 (the "Property"). (*See* DOT 1–3, May 1, 2007, ECF No.

7-1). North American Title Co. was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lenders "nominee."(*See id.* 2). MERS first assigned the note and DOT to Nationstar Mortgage LLC ("Nationstar"). (*See* Assignment, Apr. 27, 2011, ECF No. 7-2). Nationstar substituted QLS as trustee the same day. (*See* Substitution, Apr. 27, 2011, ECF No. 7-3). QLS then filed the notice of default ("NOD") based on a default on the DOT of $8593.51 as of May 2, 2011. (*See* NOD, May 2, 2011, ECF No. 7-4). The foreclosure was therefore statutorily proper. *See* Nev. Rev. Stat. § 107.080(2)(c). A trustee's sale was scheduled for October 14, 2011 by QLS. (*See* Notice of Trustee's Sale, Sept. 22, 2011, ECF No. 7-5).

## II.   ANALYSIS

First, Assembly Bill 284 does not apply to this foreclosure. The only assignment was made before October 1, 2011, and the notice of default was also filed before that date. On May 20, 2011, the Governor approved Assembly Bill 284, which, *inter alia*, added the following conditions to a trustee's sale under NRS section 107.080(2)(c):

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; **which, except as otherwise provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury:**
>
> **(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;**
>
> **(2) The full name and last known business address of every prior known beneficiary of the deed of trust;**
>
> **(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;**
>
> **(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;**

> (5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and **to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale**; and
>
> (6) **The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a description of the instrument that conveyed the interest of each beneficiary.**

Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev. 2011) (emphasis added). The emphasis in the above quotation indicates the added language. The amendments were originally to become effective on July 1, 2011, *see id.* § 15, and were to apply to all notices of default filed on or after that date, *see id.* § 14.5(4). However, on June 20, 2011, the Governor approved Assembly Bill 273, which amended the effective date of Assembly Bill 284 to October 1, 2011 and amended § 14.5 of the bill to provide that the amendments to NRS section 107.080 would apply only to notices of default filed on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). Furthermore, Chapter 106 requires the recordation of any assignments of debt secured by a deed of trust before a trustee's sale may occur:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust **must** be recorded, **in the office of the recorder of the county in which the property is located**, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. **A mortgage of real property, or a mortgage of personal property or crops recorded prior to March 27, 1935, which has been assigned may not be enforced unless and until the assignment is recorded pursuant to this subsection. If the beneficial interest under a deed of trust has been assigned, the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection.**

Assemb. B. 284 § 1, 76th Leg., Reg. Sess. (Nev. 2011) (emphases added). The emphasis in the above quotation indicates the added language. Like the amendments to NRS section 107.080, the amendments to NRS section 106.210 were originally to go into effect on July 1, 2011. *See id.* § 15. However, Assembly Bill 273 changed the effective date of the amendment to October 1, 2011 and also amended the application of the recordation requirement to assignments made on or

after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011).

Second, the foreclosure was statutorily proper, and the remaining claims fail for reasons given in substantively similar cases.

Third, Defendants request sanctions against Attorney Lawton under Rule 11. They correctly note that Attorney Lawton has filed "dozens upon dozens"[1] of the same sixty-plus-page form complaint in foreclosure prevention actions, and that this Court and others in the District have routinely dismissed many of the claims therein. Defendants note that the courts of this District have given him "ample instruction" as to what does and does not constitute a lawful foreclosure. The Court will not impose sanctions at this time but admonishes Attorney Lawton to file more reasonably sized complaints, to omit causes of action that are routinely rejected in both federal and state court with no hope of surviving a motion to dismiss, and to tailor his complaints closely to each Plaintiff's case as to statutorily defective foreclosure claims. Attorney Lawton is also admonished to not to make note-splitting arguments that no court has accepted, and not to include dozens of pages of irrelevant boilerplate about the mortgage industry in his filings. A typical complaint in one of these cases could be sufficiently made out in fewer than ten pages. Such a focus will also assist Attorney Lawton in identifying which cases are legitimate and which are not. In the present case, as Defendants note, it is clear upon a cursory inspection of the mortgage and foreclosure documents by anyone familiar with the foreclosure statutes that the foreclosure was statutorily proper. In light of all this, Attorney Lawton cannot have had a good faith belief in the sufficiency of the Complaint in this case.

///

///

///

---

[1] In fact, he has probably filed hundreds. The electronic docket indicates he is an attorney in 176 cases, and these represent only those cases removed to federal court.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and for Sanctions (ECF No. 7) is GRANTED in part and DENIED in part. All claims are dismissed, but the Court will not award sanctions in this case.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge